**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0094n.06

No. 09-5262

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| DAVID HERNANDEZ, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

FILED
*Jan 26, 2012*
LEONARD GREEN, Clerk

BEFORE: COOK, McKEAGUE, and ROTH, Circuit Judges.[*]

PER CURIAM. David Hernandez appeals his judgment of conviction.

A jury found Hernandez guilty of one count of conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 371, eighteen counts of wire fraud, in violation of 18 U.S.C. § 1343, and three counts of mail fraud, in violation of 18 U.S.C. § 1341. The district court sentenced Hernandez to twenty months in prison. His convictions arose from the following facts. Hernandez was the general manager of AirTrans, Inc. ("AirTrans"), a trucking company in Dyersburg, Tennessee. To cover shortfalls in its daily cash flow, employees of AirTrans created false bills of lading showing that AirTrans was delivering goods for one of several businesses. The false bills were then submitted to Allied Carriers Exchange ("Allied"), a cooperative that purchased accounts receivables from truck lines, which would provide immediate payment to AirTrans. AirTrans would

---

[*]The Honorable Jane R. Roth, Circuit Judge for the United States Court of Appeals for the Third Circuit, sitting by designation.

subsequently provide funds to the business named on the false bill so that it could pay Allied within its ninety-day payment window.

On appeal, Hernandez raises two issues: (1) there was insufficient evidence to demonstrate that he devised, intended to devise, or knowingly participated in the fraudulent scheme; and (2) the district court improperly questioned a juror concerning whether she concurred in the verdict.

Because Hernandez failed to renew his motion for judgment of acquittal at the close of the evidence, he waived any objection to the sufficiency of the evidence. *See United States v. Jordan*, 544 F.3d 656, 670 & n.10 (6th Cir. 2008); *United States v. Price*, 134 F.3d 340, 350 (6th Cir. 1998). Our review of this issue is therefore limited to determining "whether there was a manifest miscarriage of justice." *Jordan*, 544 F.3d at 670 (citation omitted). "A miscarriage of justice exists only if the record is devoid of evidence pointing to guilt." *Id.* (citation omitted).

The record was not devoid of evidence pointing to Hernandez's guilt. A witness testified that Hernandez was present in the office when the fraudulent bills of lading were produced and that he stated that the bills had to be filled out. Further, the prosecution presented evidence that Hernandez took part in meetings concerning how much revenue AirTrans needed to generate each day and that he instructed employees on the amount of money that needed to be made from the bills being submitted to Allied. In addition, two witnesses testified that Hernandez directed them to forge signatures on bills of lading, and one of the witnesses stated that Hernandez instructed her to ensure that the signature looked different from her own handwriting. Finally, the proprietor of one of the businesses named on the fraudulent bills of lading testified that he spoke with Hernandez about getting money from AirTrans to pay the bills being sent to him by Allied.

Hernandez also argues that the district court erred by repeatedly questioning a juror about her verdict before requiring the jury to continue deliberations. Because Hernandez did not raise this objection in the district court, we review for plain error only. *See United States v. Simpson*, 430 F.3d 1177, 1183 (6th Cir. 2005). We conclude that the district court did not err, plainly or otherwise, in questioning the juror because the questions were aimed at clearing up ambiguity in whether she agreed with the verdict. *See* Fed. R. Crim. P. 31(d); *King v. Ford Motor Co.*, 209 F.3d 886, 896 (6th Cir. 2000). The district court did not improperly force the juror to cast her vote in open court without further deliberation in the jury room. *See King*, 209 F.3d at 896.

Accordingly, we affirm the district court's judgment.